GUIDRY, Judge.
By written contract dated December 18, 1979 plaintiff leased to defendant one Savin 780 Copier and Jeffsteel Console Stand for a term of sixty (60) months beginning January 2,1980. The agreement provided for a monthly rental of $219.09 and further provided for acceleration of all rental payments in the event of the lessee’s failure to timely pay the rent due. Defendant made five monthly rental payments and then defaulted whereupon plaintiff notified defendant in writing of his default in payment and of its intention to accelerate all rental payments. Plaintiff did not immedi *647 ately file suit following delivery of this letter but sought collection from defendant through the collection arm of Dun & Bradstreet. The latter company was successful in securing a $1500.00 payment from defendant in October of 1980. Thereafter defendant made no further rental payments and this suit was instituted on March 19, 1981 for the rental installments then due and unpaid and for those that had not matured plus reasonable attorney’s fees.
Defendant, in answer to plaintiff’s petition, admitted execution of the lease agreement in all its terms, but averred that by a subsequent verbal agreement entered into by him and an “individual identifying himself as being an agent of Adam’s Leasing Company, Inc. and Dunn and Bradstreet”, it was agreed that the lease agreement would be rescinded and the matter fully settled by the defendant’s purchase of the equipment for the sum of $6,000.00, $1500.00 of which was paid in October of 1980 leaving a balance due plaintiff in the sum of $4500.00.
At trial the trial judge sustained objection to testimony offered by defendant to establish the subsequent verbal agreement but permitted its introduction into the record as an offer of proof pursuant to LSA-C.C.P. Article 1686. In ruling on the admissibility of this evidence the trial judge stated as follows in his written reasons for judgment:

“The defendant claims that a subsequent agreement was entered into, but the court has ruled out that testimony as an attempt to vary the terms of the written contract by parole evidence and in some instances it was an attempt to negotiate of (sic) settlement, which is also inadmissible testimony, but even considering the testimony that went in under a pro-offer (sic) of proof I don’t think the defendant has borne his burden of proving that a new or a subsequent, or amendment to the original contract was entered into.”

Judgment was rendered in favor of the plaintiff for the sum of $10,957.80 together with legal interest from date of judicial demand and attorney’s fees in the amount of $1000.00. Defendant appeals. Plaintiff has neither appealed nor filed answer to this appeal.
Appellant assigns as error the refusal of the trial judge to admit and consider the evidence offered by him tending to establish the alleged subsequent verbal agreement abrogating the written lease agreement of December 18, 1979. This is appellant’s only specification of error.
We agree that the trial court erred in refusing to receive and consider evidence offered by defendant tending to establish a subsequent agreement of the parties allegedly rescinding the earlier lease agreement. It is well settled that parole evidence is admissible to prove a subsequent verbal agreement modifying or even abrogating a written contract, if the contract is not one required by law to be in writing. Salley v. Louviere, 183 La. 92, 162 So. 811 (1935); Southern Fleet Leasing Corp. v. Brown, 257 So.2d 819 (La.App. 1st Cir. 1972); Grossie v. Lafayette Construction Company, Inc., 306 So.2d 453 (La.App. 3rd Cir. 1975), writ denied, 309 So.2d 354. A lease may be by either written or verbal contract. C.C. Article 2683.
Although the trial court erred as aforestated, we determine that the result reached is correct in that consideration of the evidence offered by defendant as an offer of proof fails to establish by a preponderance of the evidence that a subsequent verbal agreement abrogating the lease was entered into by plaintiff and defendant, or any authorized agent of the former.[1] Plaintiff denies any subsequent verbal agreement rescinding or amending the lease contract. Although defendant testified that he and a Mr. Rogers, an employee of Dun and Bradstreet, reached such an agreement he failed to establish that Mr. Rogers or Dun and Bradstreet had authority from *648 plaintiff to enter into such an agreement. Mr. Rogers did not testify and there is no other evidence in the record to support or corroborate defendant’s testimony.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Although the trial judge refused to allow introduction of the evidence in question he did state in his reasons for judgment that such evidence failed to establish that “a new or a subsequent, or amendment to the original contract was entered into.”